UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MINISTER JOSEPH LEE BELL, JR.,**
      **Plaintiff,**

     v.                                                          Case No. 16-C-0293

**ANGELA BESTER-LAMBERT and**
**MELODIE FOX,**
      **Defendants.**

---

## ORDER

Plaintiff Joseph Lee Bell, Jr., proceeding pro se, has filed an action in this court and has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. However, upon reviewing the complaint, I have determined that it must be dismissed for lack of subject matter jurisdiction. *See Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.").

Although the complaint is not artfully drafted, it appears to allege that one of the defendants, Angela Bester-Lambert, made false statements about the plaintiff. The plaintiff also seems to allege that these false statements caused the college the plaintiff is attending, Bryant and Stratton College, to investigate the plaintiff for misconduct. The plaintiff alleges that these events caused him emotional distress. In addition to naming Ms. Bester-Lambert as a defendant, the plaintiff has named Melodie Fox, the Dean of Instruction at Bryant and Stratton College, as a defendant. The complaint indicates that the plaintiff and both defendants are citizens of Wisconsin.

In general, federal jurisdiction can be premised on a federal question or on diversity of citizenship. *See* 28 U.S.C. §§ 1331 & 1332. Federal question jurisdiction exists over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires "complete diversity," that is, no plaintiff can be a citizen of the same state as any defendant. *Matchett v. Wold*, 818 F.2d 574, 575 (7th Cir. 1987).

The plaintiff's complaint does not establish federal question jurisdiction, as there is no federal law that would provide the plaintiff with a claim against the defendants under the facts he alleges. Further, the plaintiff has not established diversity jurisdiction, as he has not alleged that he and the defendants are citizens of different states. Accordingly, I lack subject matter jurisdiction over this case.

In closing, I note that I am not judging the merits of plaintiff's claims. Though his claim cannot proceed in federal court, he may be able to seek relief in state court.

Accordingly, **IT IS ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee is **DENIED** as **MOOT**.

Finally, **IT IS ORDERED** that the Clerk of Court enter judgment.

Dated at Milwaukee, Wisconsin this 15th day of March, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge